IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

NORFOLK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL NO. 2:17cr 4 |
| ) | |
| v. ) | 18 U.S.C. § 371 |
| ) | Conspiracy to Commit Odometer Tampering |
| ) | and Securities Fraud |
| PAUL ROBINSON, ) | |
| ) | 18 U.S.C. §§ 492 and 981(a)(1)(C), 28 |
| Defendant. ) | U.S.C. § 2461 |
| ) | Forfeiture |
| ) | |

## CRIMINAL INFORMATION

THE UNITED STATES ATTORNEY CHARGES THAT:

From in or about June 2012 through in or about January 2014, in the Eastern District of Virginia and elsewhere, PAUL ROBINSON, the defendant, conspired with others known and unknown to the United States to commit offenses against the United States: disconnecting, resetting, or altering an odometer of a motor vehicle, intending to change the mileage registered by the odometer in violation of 49 U.S.C. §§ 32703(2) and 32709(b); and making, uttering, and possessing counterfeit and forged securities of a state, with the intent to deceive another person, organization, or government, in violation of 18 U.S.C. § 513(a). The conspiracy, and the execution thereof, were in substance as follows:

1. At all material times, defendant PAUL ROBINSON owned and controlled Affordable Auto Body Repair ("AABR"), a company located in Chesapeake, Virginia, which was engaged in buying and selling used motor vehicles.

2. Steven Bazemore was an employee of the City of Norfolk working at a Virginia Department of Motor Vehicles ("DMV") Select facility, where he assisted customers by conducting a variety of DMV transactions, including: issuing Virginia motor vehicle titles, processing title applications, and processing vehicle registrations.

3. Defendant PAUL ROBINSON, Bazemore, and other co-conspirators engaged in a conspiracy designed to defraud consumers into believing vehicles had lower mileages than they actually had, resulting in subsequent purchasers paying more for the vehicles than they would have paid if they had known the vehicles' actual mileage.

4. The objects of the conspiracy devised by defendant PAUL ROBINSON and agreed to by his other co-conspirators was to disconnect, reset, or alter odometers on high-mileage vehicles to reflect false low-mileage readings, and then obtain securities, Virginia motor vehicle titles, with materially false information, including inaccurate odometer readings.

5. In furtherance of the conspiracy, defendant PAUL ROBINSON purchased high-mileage vehicles and then he, or someone acting at his direction, disconnected, reset, or altered the vehicles' odometers to reflect lower mileage readings. In many instances, defendant PAUL ROBINSON and other co-conspirators prepared title applications and other documents requesting motor vehicle titles containing false low mileage readings and presented the documents to DMV Select clerks, including Bazemore, who generated new Virginia motor vehicle titles with false, lower odometer readings. At times, defendant PAUL ROBINSON or other co-conspirators requested Bazemore return the fraudulent titles, title applications, and/or other documents to them. As a result, those documents were not retained by DMV, making the fraud more difficult to detect. Defendant PAUL ROBINSON and other co-conspirators then

used the forged and counterfeit titles and the false odometer readings to deceive innocent purchasers into paying more for the vehicles than they would have otherwise paid.

6. The defendant PAUL ROBINSON and co-conspirators tampered with the odometers and secured fraudulent motor vehicle titles for more than 100 vehicles.

7. Defendant PAUL ROBINSON and his co-conspirators committed the following overt acts in furtherance of the conspiracy:

  a. On or about January 8, 2013, defendant PAUL ROBINSON purchased a 2002 Acura with the Vehicle Identification Number 19UYA42602A000586 (Vehicle 1) in the name of his company, AABR, for $600. At that time, Vehicle 1 had traveled at least 209,882 miles, as reflected on its Maryland motor vehicle title.

  b. On or about February 14, 2013, defendant PAUL ROBINSON, or a co-conspirator acting at his direction, requested Bazemore issue a new motor vehicle title for Vehicle 1. That motor vehicle title, issued by co-conspirator Bazemore in the name of defendant PAUL ROBINSON's company, AABR, had a false odometer reading of 113,008 miles, when, in fact, the vehicle's actual mileage was at least 209,882 miles.

  c. On or about February 15, 2013, defendant PAUL ROBINSON sold Vehicle 1 for $4,300, using the fraudulent title and the false odometer reading to represent that the vehicle had approximately 97,000 fewer miles than it actually had.

  d. On or about March 14, 2013, defendant PAUL ROBINSON or a co-conspirator acting at his direction purchased a 2002 Lexus with the Vehicle Identification Number JTHBF30G520042610 (Vehicle 2) in the name of defendant PAUL ROBINSON's company, AABR, for $2,900. At that time, Vehicle 2 had traveled at least 190,326 miles, as reflected on its Virginia motor vehicle title.

e. On or about March 28, 2013, defendant PAUL ROBINSON, or a co-conspirator acting at his direction, presented Bazemore with a Virginia motor vehicle title bearing a false odometer reading of 103,102 miles in the re-assignment section. Bazemore generated a motor vehicle title in the name of defendant PAUL ROBINSON's company, AABR, that reflected the false odometer reading of 103,102 miles, when, in fact, the vehicle's actual mileage was at least 190,326 miles.

f. On or about March 30, 2013, defendant PAUL ROBINSON sold Vehicle 2 for $6,999, using the fraudulent title and the false odometer reading to represent that the vehicle had approximately 87,000 fewer miles than it actually did.

(In violation of Title 18, United States Code, Section 371.)

## FORFEITURE ALLEGATION

1. The defendant, if convicted of any of the violation alleged in this Criminal Information, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2:

    a. Any property, real or personal, which constitutes or is derived from proceeds traceable to the violation; and

    b. Any counterfeits of any coins or obligations or other securities, or any articles, devices, and other things made, possessed, or used in the violation, or any material or apparatus used or fitted or intended to be used in the making of such counterfeits, articles, devices or things.

2. If any property that is subject to forfeiture above, as a result of any act or omission of the defendant, (a) cannot be located upon the exercise of due diligence, (b) has been transferred to, sold to, or deposited with a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has

been commingled with other property that cannot be divided without difficulty, it is the intention of the United States to seek forfeiture of any other property of the defendant, as subject to forfeiture under Title 21, United States Code, Section 853(p). (In accordance with Title 18, United States Code, Sections 492 & 981(a)(1)(C); Title 28, United States Code, 2461).

Dana J. Boente
United States Attorney

By: *[signature]*
John W. Burke
Jacqueline M. Blaesi-Freed
Trial Attorneys
USDOJ – Consumer Protection Branch
450 Fifth Street NW, Suite 6400 South
Washington, DC 20001
Tel:   (202) 353-2001 (Burke)
       (202) 353-2809 (Blaesi-Freed)
Email: Josh.Burke@usdoj.gov
       Jacqueline.M.Blaesi-Freed@usdoj.gov


*[signature]*
Alan Salsbury
Assistant United States Attorney
World Trade Center
Suite 8000
Norfolk, VA 23510
Tel: (757) 441-6331
Email: Alan.Salsbury@usdoj.gov